COMMONWEALTH *vs.* DAVID DICKERSON. December 28, 1983. *Practice, Criminal,* Severance.

Dickerson, along with a codefendant, Michelle Washington, was charged in two indictments with armed assault with intent to murder and assault and battery by means of a dangerous weapon (a knife). Several times during their joint trial, Dickerson moved, pursuant to Mass.R.Crim.P. 9(d)(2), 378 Mass. 860 (1979), for a severance of his case from Washington's on the ground that Washington's counsel had engaged in trial tactics which were so antagonistic to Dickerson's defense that he was effectively deprived of his right to a fair trial. After conviction and sentencing on both offenses, Dickerson moved for a new trial pursuant to Mass.R.Crim.P. 30(b), 378 Mass. 900 (1979), on the sole ground that he had been improperly denied a severance. The motion was denied. Dickerson appeals from the judgments of conviction and the denial of his motion for a new trial.

The evidence describing the brutal assault on the victim, a girlfriend of Dickerson who was pregnant with his child, is set out in the codefendant's appeal, *Commonwealth* v. *Washington,* 15 Mass. App. Ct. 378 (1983). Dickerson defended on the basis of alibi, which he sought to establish by cross-examination of the victim and other Commonwealth witnesses and by the testimony of several defense witnesses. The codefendant Washington did not present any evidence, but witnesses called by Dickerson placed her with him at various times critical to the commission of the crimes. Despite a common alibi defense, Dickerson contends that Washington's counsel irreparably damaged his right to a fair trial by bringing prejudicial information to the jury's attention which strengthened the Commonwealth's case against him.

It is a familiar principle that "persons properly indicted together ordinarily should be tried together." *United States* v. *Avarello,* 592 F.2d 1339, 1345 (5th Cir.), cert. denied, 444 U.S. 844 (1979). See *Commonwealth* v. *Beneficial Fin. Co.,* 360 Mass. 188, 223 (1971); *Commonwealth* v. *Moran,* 387 Mass. 644, 658 (1982). Severance, as provided for by Rule 9(d) of our Rules of Criminal Procedure, is an exception to this general rule. The decision whether to sever usually rests within the sound discretion of the trial judge. *Commonwealth* v. *Cepulonis,* 374 Mass. 487, 499 (1978). Severance will not be granted due to inconsistent defenses unless the defendant demonstrates that the defenses are antagonistic to the point of being mutually exclusive, *Commonwealth* v. *Moran, supra* at 655-658, or that "the prejudice resulting from a joint trial is so compelling that it prevents [the] defendant from obtaining a fair trial." *Id.* at 658.

Dickerson has failed to demonstrate that compelling prejudice occurred as a result of his joint trial with Washington. As indicated, the defendants compatibly pursued the defense of alibi. The disclosure by Washington's counsel in his opening statement of the victim's prior pregnancy by Dickerson appears to have been directed at advancing the theory that the victim was falsely

accusing both defendants because she was jealous of Dickerson's relationship with Washington. The disclosure may have taken some of the edge off evidence of that pregnancy which the Commonwealth later introduced to establish motive. Cf. *Commonwealth* v. *Borodine*, 371 Mass. 1, 8-9 (1976), cert. denied 429 U.S. 1049 (1977). While the opening remarks by Washington's counsel may have disturbed Dickerson, they reflect, at the worst, some differences in the defendants' trial strategies. These differences fall far short of demonstrating irreconcilable defenses or the sort of compelling prejudice which requires severance. See *Commonwealth* v. *Horton*, 376 Mass. 380, 390 (1978), cert. denied sub nom. *Wideman* v. *Massachusetts*, 440 U.S. 923 (1979). See also *United States* v. *Avarello*, 592 F.2d at 1345-1346. The same considerations govern that portion of the victim's cross-examination by Washington's counsel which apparently sought to bolster the jilted lover theme by pointing out that the victim's parents wanted Dickerson and the victim to marry. In the context of the considerable testimony describing Dickerson's relationship with the victim and the substantial evidence of his guilt, we perceive no undue prejudice resulting from the cross-examination.

The other instances of prejudice urged by Dickerson are equally unimpressive. Questions asked by Washington's counsel which might have admitted testimony damaging to Dickerson were, by and large, intercepted by prompt successful objections by Dickerson's counsel. The making of those objections may have depicted some hostility between defendants. Any such tension, however, appears relatively slight, and cannot be said to have so affected the trial as to have required a severance. See *Caton* v. *United States*, 407 F.2d 367, 373 (8th Cir.), cert. denied, 395 U.S. 984 (1969). There also was no cognizable prejudice to the joint alibi defense arising from Washington's failure to call witnesses as promised by her counsel in his opening remarks.

Finally, as requested by Dickerson, we have examined the entire trial record to ascertain whether the cumulative effect of the criticized actions by Washington's counsel required separate trials. After that review, we are left with the firm impression that Dickerson received a fair trial notwithstanding his disagreement with the effectiveness of Washington's trial strategy.

*Judgments affirmed.*

*Willie J. Davis* for the defendant.
*Michael J. Traft*, Assistant District Attorney, for the Commonwealth.