COMMONWEALTH *vs.* WARREN W. DOUGAN. March 30, 1987. *Practice, Criminal,* Security measures in courtroom, Location of defendant in courtroom, Assistance of counsel, Discovery, Sentence. *Due Process of Law,* Vagueness of statute.

The defendant's 1975 convictions in the Superior Court under G. L. c. 265, §§ 17, 22 and 26, and G. L. c. 272, § 35, were affirmed, in *Commonwealth* v. *Dougan,* 377 Mass. 303 (1979). Subsequent habeas corpus proceedings in a United States District Court were dismissed for failure to exhaust State remedies. See *Dougan* v. *Ponte,* 727 F.2d 199 (1st Cir. 1984). In 1985 the defendant filed a pro se motion (subsequently twice amended) for a new trial. The trial judge having retired, the motion was referred to a different judge, who heard the motion on affidavits, briefs and arguments of counsel. The motion judge determined (correctly we think) that no substantial question was raised by the motion and affidavits which required an· evidentiary hearing (Mass.R.Crim.P. 30(c) (3), 378 Mass. 901 [1979]; *Commonwealth* v. *Stewart,* 383 Mass. 253, 259-260 [1981]; *Commonwealth* v. *Boutwell,* 21 Mass. App. Ct. 201, 206 [1985]; *Commonwealth* v. *Crowe,* 21 Mass. App. Ct. 456, 486-487, cert. denied sub nom. *Pirrotta* v. *Massachusetts,* 479 U.S. 838 [1986] ) and denied the motion. The defendant appealed. We deal with his contentions seriatim. Our work has not been rendered any lighter by the motion judge's unnecessarily ruling on questions which could have been but were not raised on the earlier appeal. See *Commonwealth* v. *Pisa,* 384 Mass. 362, 366-367 (1981); *Commonwealth* v. *Festa,* 388 Mass. 513, 515-516 (1983); *Commonwealth* v. *Miranda,* 22 Mass. App. Ct. 10, 18 (1986). 1. The affidavits are conflicting on the nature and extent of the security measures which were taken during the course of the trial and leave room for doubt as to how many of those measures (such as the metal detector and armed security personnel positioned outside the public entrance to the courtroom) were visible to the jurors. Even if we were to accept as true everything asserted by the defendant in his affidavits, we would find no cause for reversal in the decided cases. See, e.g., *Commonwealth* v. *Brown,* 364 Mass. 471, 474-477 (1973); *Commonwealth* v. *DeVasto,* 7 Mass. App. Ct. 363, 364-367 (1979); *Commonwealth* v. *Flanagan,* 17 Mass. App. Ct. 366, 367-371 (1984). It was known at the time of trial that the defendant was an officer of the Devil's Disciples motorcycle club, that two of his codefendants (one of who [Giers] had failed to appear and had been defaulted on the opening day of trial) were members of the same club, that (as the jury were advised) one of the

Commonwealth's principal witnesses (Lopes) had pleaded guilty in the United States District Court to multiple charges of illegally trafficking in firearms, and that many of the offending sales had been made to members of the Devil's Disciples. The Commonwealth's witnesses were being kept under police protection. At one point, the trial judge remarked to counsel that "security is a very questionable matter here." If any further justification for courtroom security measures were thought necessary, it could be found in an affidavit filed by the prosecutor in opposition to the present motion in which he asserted that the Devil's Disciples had threatened to kill the trial judge, the prosecutor, the prosecutor's chief investigating officer and an agent of the Bureau of Alcohol, Tobacco and Firearms (ATF) of the United States Treasury Department (Dowd) who had prosecuted Lopes in the Federal court and who was cooperating in the prosecution of this case. (That affidavit also recites that Giers was killed in a shootout with the State police eight days after the return of the verdicts in this case.) The short answer to the defendant's contention on this point is that he failed to persuade the motion judge that the security measures taken in this case were unreasonable in the circumstances. See *Commonwealth* v. *Brown*, 364 Mass. at 476. 2. It should be clear from what has been said in part 1 hereof that the defendant can take nothing from the fact that he was kept in the dock with the two codefendants who were tried with him. See, e.g., *Commonwealth* v. *MacDonald (No. 2)*, 368 Mass. 403, 408-409 (1975); *Commonwealth* v. *Moore*, 379 Mass. 106, 109 (1979); *Commonwealth* v. *Drayton*, 386 Mass. 39, 44 (1982). We agree with the motion judge's conclusion that it did not appear that the use of the dock resulted in any prejudice to the defendant. Compare *Walker* v. *Butterworth*, 599 F.2d 1074, 1081 (1st Cir.), cert. denied, 444 U.S. 937 (1979). The rule which was formulated in the *Moore* case (379 Mass. at 111) and which has been approved by the First Circuit (*Bumpus* v. *Gunter*, 635 F.2d 907, 914 [1980], cert. denied, 450 U.S. 1003 [1981]) followed the trial of this case by some four years and was expressly stated to be prospective only. Contrast *Young* v. *Callahan*, 700 F.2d 32, 35-37 (1st Cir.), cert. denied, 464 U.S. 863 (1983). 3. We approach the various claims of ineffective assistance of counsel primarily from the perspective of whether the defendant was prejudiced by the loss of a substantial ground of defence which might have affected the result. See *Strickland* v. *Washington*, 466 U.S. 668, 687, 693, 697 (1984); *Commonwealth* v. *Saferian*, 366 Mass. 89, 96 (1974); *Commonwealth* v. *Fuller*, 394 Mass. 251, 256 n.3 (1985); *Commonwealth* v. *Doherty*, 399 Mass. 193, 198 (1987). (a) On this record (see parts 1 and 2 hereof), it seems most unlikely that trial counsel would have prevailed in any effort to reduce the visible security precautions at trial or to extricate the defendant from the dock. See, in particular, *Commonwealth* v. *Drayton*, 386 Mass. at 44. We pass the fact that the defendant asserts in his affidavit that trial counsel did voice unrecorded objections to the security precautions and to the defendant's being kept in the dock. (b) Trial counsel (from whom there is no

affidavit) had an opportunity to meet and talk with two of the three alibi witnesses proposed by the defendant. As the motion judge concluded, in effect, counsel could well have decided that putting any of the three on the stand would do the defendant more harm than good. Compare *Commonwealth* v. *Little,* 376 Mass. 233, 242 (1978). (The reason the defendant's now wife would have given for remembering the date in question was its relationship to the period during which she had been hospitalized for treatment of a venereal disease.) (c) We do not see how the defendant was harmed by trial counsel's waiver of the defendant's motions for a new trial and to revise the sentences. It does not appear (neither motion has been put before us) that the motion for a new trial sought to raise any point not open under the present motion. Whether the trial judge would have revised or rearranged any of the sentences is matter of conjecture. (d) As will appear more fully in part 5 thereof, the most trial counsel would have been able to show from the transcript of the proceedings in which Lopes had pleaded guilty to the firearms charges in the Federal court was that Lopes (if he understood the question put to him) might not have spoken the truth when he told the jury in this case that he had not been offered any promise, inducement or reward for his testimony in either case. The jury were apprised of Lopes's plea in the Federal court and of the sentence which he had received there. The possibility that he might have lied as to the existence of any inducement for his plea in that case went to a collateral matter which the trial judge in this case could have excluded in the exercise of his discretion. *Commonwealth* v. *Chase,* 372 Mass. 736, 747 (1977). *Commonwealth* v. *Doyle,* 5 Mass. App. Ct. 544, 550 (1977). Liacos, Massachusetts Evidence 134-135 (5th ed. 1981). (e) It does not appear that the defendant was prejudiced by trial counsel's failure to see to it that the veniremen were asked whether any of them were acquainted with the witness Connolly, who was the father of the rape victim. (His testimony was limited to the fact of fresh complaint, he was not asked for the details of the complaint.) (f) None of the other claims of ineffective assistance merits discussion. 4. We do not consider the question raised below as to whether the aforementioned transcript of the Federal proceedings constituted newly discovered evidence for the purposes of a motion for a new trial (see, e.g., *Commonwealth* v. *DeChristoforo,* 360 Mass. 531, 541-543 [1971]; *Commonwealth* v. *Grace,* 397 Mass. 303, 305-306 [1986]; *Commonwealth* v. *Markham,* 10 Mass. App. Ct. 651, 654 n.1 [1980]) because the defendant has abandoned the point by not arguing it in the body of his brief. See Mass.R.A.P. 16(a) (4), as amended, 367 Mass. 921 (1975); *Lolos* v. *Berlin,* 338 Mass. 10, 13-14 (1958); *Miga* v. *Holyoke,* 398 Mass. 343, 345 n.4 (1986). 5. The defendant comes at that transcript from a different direction, claiming that it contained exculpatory evidence which the prosecution was under an obligation to disclose in response to his request for such evidence. To be specific, the transcript discloses that the judge in the Federal court was advised by the prosecutor in the course of a bench conference

that he (the prosecutor) had promised Lopes that if he were to plead guilty and cooperate with the Government, the prosecutor would bring that fact to the attention of the judge at the time of sentencing. (The transcript also discloses that Lopes told the judge that he was pleading guilty because he "[had] no defense" to any of the fifty-two charges.) The prosecutor in this case advised the trial judge and trial counsel of the fact that Lopes had pleaded guilty to the Federal charges and of the sentence he had received, explaining that his information on the subject had come from Dowd of ATF, who was sitting with the prosecutor at counsel table. The defendant's argument encounters numerous difficulties: he has not shown that the prosecutor in this case knew any more about the proceedings in the Federal court than what he said he knew; he has now shown that Dowd participated in the bench conference or knew what transpired there; he has not suggested that the prosecutor in this case was under any duty to acquaint himself with what was said at the bench conference (see and contrast *Commonwealth* v. *Donahue,* 396 Mass. 590, 597-601 [1986]); and the transcript (although later impounded for a period) appears to have been open to public inspection at the time of trial. As Lopes had already been sentenced in the Federal proceedings, this was not a case in which the transcript could have been used to show possible bias in favor of the prosecution arising out of pending charges. Contrast *Commonwealth* v. *Henson,* 394 Mass. 584, 586 (1985), and cases cited. Trial counsel explored the Federal proceedings at some length in the course of his cross-examination of Lopes. See 377 Mass. at 309-310. As we have already pointed out (*supra,* part 3[d]), the trial judge would have been warranted in excluding the information contained in the transcript. There is no claim that the prosecution failed to disclose any promise, inducement or reward for Lopes's testimony in these proceedings. We view the asserted failure to disclose the contents of the transcript in the Federal proceedings as harmless beyond a reasonable doubt. See *Commonwealth* v. *Gilday,* 382 Mass. 166, 174 n.2, 178 (1980). Compare *United States* v. *Bagley,* 473 U.S. 667, 675, 678-680 (1985). Contrast *Commonwealth* v. *Collins,* 386 Mass. 1, 12-13 (1982). 6. We decline to consider any of the questions which the Supreme Judicial Court has already determined adversely to the defendant (377 Mass. at 306-312), even though some of the defendant's arguments may be newly attired in constitutional garb. See *Commonwealth* v. *Pisa,* 384 Mass. at 366; *Commonwealth* v. *Festa,* 388 Mass. at 515-516. Compare *Murch* v. *Mottram,* 409 U.S. 41, 45 (1972). We note the absence of a request for direct review by the Supreme Judicial Court in this appeal. 7. The words "for any term of years" which appear in G. L. c. 265, §§ 17 and 22, are not void for vagueness. See *Commonwealth* v. *Franks,* 365 Mass. 74, 76, 81 (1974); *Commonwealth* v. *Logan,* 367 Mass. 655, 657 (1975); *Commonwealth* v. *Gonzales,* 5 Mass. App. Ct. 705, 707-708 (1977). Contrast *Commonwealth* v. *Gagnon,* 387 Mass. 567, 568-569, 574, *S.C.,* 387 Mass. 768 (1982), cert. denied, 461 U.S. 921, and 464 U.S. 815 (1983); *Commonwealth* v. *Marrone,* 387 Mass.

702, 703-707 (1982); *Commonwealth* v. *Bongarzone,* 390 Mass. 326, 335-336 (1983). 8. We have been afforded no basis for concluding that any of the defendant's sentences or the combination thereof is disproportionate to the offences described in the trial transcript, whether we scrutinize the sentences under art. 26 of the Massachusetts Declaration of Rights (*Commonwealth* v. *Bianco,* 390 Mass. 254, 260-261 [1983]) or under the Eighth (by reason of the Fourteenth) Amendment to the Constitution of the United States (*Solem* v. *Helm,* 463 U.S. 277, 290-292 [1983]). We note that the defendant's sentence appeal (G. L. c. 278, § 28B) was dismissed by the Appellate Division of the Superior Court.

*Order denying motion*
*for new trial affirmed.*

*Susan J. Baronoff* for the defendant.

*Philip T. Beauchesne,* Assistant District Attorney (*Marcy Cass,* Assistant District Attorney, with him) for the Commonwealth.