COMMONWEALTH *vs.* HELEN GIANNOPOULOS. No. 91-P-1465. May 19, 1993. *Practice, Criminal*, Trial of defendants together, Severance, Indictment, Assistance of counsel. *Joint Enterprise.*

On March 28, 1990, a grand jury returned indictments charging the defendant and a codefendant, Maria Leite, with sixteen separate counts of larceny of more than one hundred dollars. G. L. c. 266, § 30. The larcenies were alleged to have occurred over a five-week period in the fall of 1989. A jury in the Superior Court found the defendant guilty on all counts and acquitted Leite. Leite had denied any knowing involvement, and the defendant had relied exclusively on the defense of duress.

The Commonwealth's evidence was that the defendant, a former applications clerk for the Boston office of the Immigration and Naturalization Service (INS), devised a scheme to fleece illegal aliens by promising to obtain permanent residence (green card) status for them. Procured by Leite, all but one of the victims met at Leite's hair salon where the defendant made out applications which were never processed. In return, the illegal aliens parted with $2,500 apiece.

There followed a series of meetings between Leite and the illegal aliens which culminated in their threatening her life and property because of the failure of the defendant to deliver the "green cards." When, in fact, the promise of green cards turned out to be a scam, the police were called in by Leite who professed herself to have been duped by the defendant. She claimed that she did not share any part of the money paid by the aliens with the defendant. None of the aliens was repaid, and the ensuing investigation revealed that the defendant had terminated her position at the INS several months prior to her meetings with them.

1. The judge did not err in denying the defendant's motion to sever her trial from Leite's. The evidence implicating Leite implicated the defendant as well. In this situation "[j]oinder expedites the administration of justice, reduces the congestion of trial dockets, conserves judicial time, lessens the burden upon citizens who must sacrifice time and energy to serve upon juries, and avoids the necessity of recalling witnesses to successive trials." *Commonwealth* v. *Moran*, 387 Mass. 644, 658 (1982). Antagonistic defenses require severance only when the defenses are so inconsistent that the jury would have to blame one defendant at the expense of the other. *Commonwealth* v. *Mahoney*, 406 Mass. 843, 848-849 (1990). The defendant's defense that her husband coerced her into commission of the crime by threats of bodily harm and by holding her youngest daughter hostage was

not antagonistic to Leite's defense, much less "to the point of being mutually exclusive." *Commonwealth* v. *Dickerson*, 17 Mass. App. Ct. 960 (1983). There was no dispute that the defendant committed the acts constituting the crime described in G. L. c. 266, § 30.[1] The defense of duress was her sole refuge at trial.

As a prophylactic measure, the prosecutor agreed to instruct the police investigator not to repeat in his testimony what one defendant said about the other. The judge gave an appropriate limiting instruction as to what use the jury might make of Leite's statements to the investigating officer. As a result, the defendant can point to no adverse effect Leite's testimony had upon her defense. The defendant has failed to establish, as she must on appeal, that a "strong showing of prejudice" resulted from the joint trial. *United States* v. *Hershenow*, 680 F.2d 847, 861 (1st Cir. 1982). *Commonwealth* v. *Gallison*, 384 Mass. 184, 197 (1981). There was no abuse of discretion. See *Commonwealth* v. *Sylvester*, 388 Mass. 749 (1983).

2. We do not think that the judge's refusal to order the Commonwealth, upon the defendant's pretrial request for a bill of particulars, to pinpoint the precise dates within the five-week period alleged by the indictments, warranted a dismissal of the charges. Time is not an element of the offense, and the response of the Commonwealth provided the defendant with reasonable knowledge of the nature and character of the crimes charged. See *Commonwealth* v. *Montanino*, 409 Mass. 500, 512 (1991), citing *Commonwealth* v. *King*, 387 Mass. 464, 467 (1982). Moreover, the defendant does not claim that she was prejudiced by the denial of her request for particulars as her defense of duress did not require proof of the exact dates of her larcenous conduct. See *Commonwealth* v. *Jiminez*, 22 Mass. App. Ct. 286, 296 (1986). The judge properly denied the defendant's motion to dismiss.

3. The defendant's counsel may not be faulted by the defendant for ineffective assistance at the sentencing hearing because he did not call witnesses or present further facts concerning her background beyond what was presented to the judge at trial. The defendant did not assert that witnesses were available or that their testimony, had it been offered, would have made a significant difference in the result. As in the case of *Commonwealth* v. *Mahoney*, 407 Mass. 412, 425 (1990), the defendant "has failed to bring to our attention any redeeming attributes which could have been raised by counsel. In the absence of a showing that a different result might have been attained, we cannot say that counsel's performance was ineffective."

---

[1]Although the defendant's counsel at the outset of the trial told the judge that he was going to present witnesses to support the defendant's position that she did not take money from anyone, the primary defense witness, the defendant's daughter (the defendant elected not to testify), testified that she did take money and passed it along to her husband out of fear of reprisal.

We note that the defendant spoke on her own behalf, as Mass.R.Crim.P. 28(b), 378 Mass. 898 (1979), permits. The judge heard the daughter's testimony concerning their close relationship during the trial. No other mitigating circumstances appear to have been overlooked by counsel. Counsel's performance at the sentencing hearing, although terse, provided the judge with the factors normally offered in support of a request for leniency. That the judge decided to reject the request is not surprising in view of the crimes committed.

*Judgments affirmed.*

*Lisa J. Stephani* for the defendant.
*Lauren Inker*, Assistant District Attorney, for the Commonwealth.