Commonwealth *v.* Demars.

COMMONWEALTH *vs.* WARREN DEMARS.

No. 94-P-816.

Hampden. March 8, 1995. - May 25, 1995.

Present: SMITH, PORADA, & IRELAND, JJ.

*Evidence,* Hearsay, Sexual conduct, Relevancy and materiality, Fresh complaint. *Indecent Assault and Battery.*

At the trial of indictments for rape and sexual abuse of a child, the judge erred in allowing the prosecutor to ask a question on redirect examination of a witness which implicitly conveyed the content of a hearsay communication suggesting sexual misconduct by the defendant, and the prejudice to the defendant far outweighed any possible relevance of the question. [597-598]

A substantial risk of a miscarriage of justice was created at the trial of an indictment for indecent assault and battery on a child under the age of fourteen by the admission of evidence of fresh complaint that exceeded the scope of the complainant's testimony. [598-599]

At the trial of a rape indictment, error, if any, in the admission of certain fresh complaint testimony that went beyond the scope of the complainant's testimony was not prejudicial inasmuch as the defendant was acquitted of rape. [599]

The combined errors at a criminal trial required reversal of the defendant's conviction. [599]


INDICTMENT found and returned in the Superior Court Department on October 22, 1992.

The case was tried before *Judd J. Carhart,* J.

*Brownlow M. Speer,* Committee for Public Counsel Services (*Nathaniel K. Green,* Committee for Public Counsel Services, with him) for the defendant.

*Judy Zeprun Kalman,* Assistant District Attorney, for the Commonwealth.

PORADA, J. The defendant was tried before a jury in the Superior Court on a charge of rape of a child and two counts of indecent assault and battery on a child under the age of

fourteen.[1] The jury returned not guilty verdicts on the rape charge and one indecent assault and battery charge and a guilty verdict on the other indecent assault and battery charge. From his conviction on the one count of indecent assault and battery, the defendant appeals asserting that the trial judge erred in admitting evidence that implied the commission of other sexual misconduct by the defendant and in admitting fresh complaint testimony that exceeded the scope of the complainant's testimony. We reverse.

1. *Evidence which implied sexual misconduct.* The defendant contends that the trial judge erred in allowing hearsay evidence to be introduced that implied that the defendant had engaged in other sexual misconduct. The prosecutor[2] asked the complainant's father during his redirect examination, without objection by defense counsel, had he "receive[d] some shocking news about the defendant on August 20th [1992]." The prosecutor's next question was: "And after you heard that news, did you have real concerns about sexual abuse about your daughter?" Defense counsel objected to this question on the ground that it placed before the jury inadmissible hearsay because it implicitly conveyed the content of the communication which suggested sexual misconduct by the defendant. The prosecutor argued that the question was proper to counter defendant's intimation that the defendant no longer babysat for the complainant because of the defendant's wife's heart attack for which the complainant's mother blamed the defendant, her father. The judge overruled the objection and permitted the prosecutor to ask the following question: "[A]fter speaking to Mrs. De[M]ars [the defendant's wife], did you, on August 20th or 21st of 1992, did you have some concerns about sexual abuse?" to which the witness responded, "Yes."

The Commonwealth argues that the evidence was admissible because no details of the conversation were elicited and its admission was necessary to counter the defendant's inti-

---

[1] The complainant named in the two indictments was the defendant's granddaughter.

[2] The trial prosecutor is not appellate counsel.

mation that the defendant ceased to act as a baby sitter for the complainant because of his wife's heart attack. While it is true that the testimony was not strictly hearsay and that a witness may explain what they did as a result of a conversation with others, see *Commonwealth* v. *Perez*, 27 Mass. App. Ct. 550, 553-556 & n.2 (1989), the evidence was, nonetheless, improper. The prosecutor's question elicited the witness's state of mind, which was not relevant to a determination of the defendant's guilt. In addition, even if the testimony is viewed as offering an explanation why the witness terminated the defendant's role as a baby sitter, its prejudicial impact far outweighs its relevance for it impermissibly suggests the defendant's wife revealed information to the witness that suggested sexual misconduct by the defendant. *Commonwealth* v. *Welcome*, 348 Mass. 68, 70 (1964).

Nor do we conclude, as argued by the Commonwealth, that the prejudice of this evidence was lessened because it was cumulative of other evidence that the defendant had been arrested. While there was other evidence that the defendant had been arrested, the identity of those charges was not disclosed. After the challenged testimony, the jury could have inferred that those charges were related to other sexual misconduct by the defendant rather than unrelated matters and, thus, the prejudice to the defendant would have been enhanced rather than lessened.

2. *Fresh complaint evidence.* The defendant contends that the trial judge erred on two occasions in admitting fresh complaint testimony that exceeded the scope of the complainant's testimony. The first of these involved the testimony of the complainant's father. He told the jury that when he questioned his daughter about what the defendant had done to hurt her, she used Barbie and Ken dolls to demonstrate what happened. He stated that "[s]he put the Ken's face on the genitals of the Barbie doll's." The complainant had testified that the defendant put his penis in her mouth but did not testify to any other oral-genital conduct.

The defendant did not object to this testimony at trial but now contends that the father's statement should not have

been admitted because it exceeded the scope of the complainant's testimony. See *Commonwealth* v. *Flebotte*, 417 Mass. 348, 351 (1994). The prosecution asserts that the testimony was merely a misstatement by the witness and understood as such by the jury and, thus, there was no substantial risk of a miscarriage of justice. The jury in this case convicted the defendant on one charge of indecent assault and battery and acquitted on the other. In light of the judge's instructions on indecent assault and battery, we cannot say that this evidence was not used substantively to convict the defendant of the one indecent assault and battery charge.

The other occasion arose during the testimony of a social worker, who testified that the complainant had said that the defendant had placed his finger into her vagina. While the complainant testified that the defendant placed his fingers on her vagina, she did not testify to penetration by the defendant. The defendant's objection to this testimony was overruled. After the judge's ruling, the prosecutor immediately asked the witness if the complainant told her that the defendant touched her on the vagina to which the witness responded in the affirmative. We view the prosecutor's question as an attempt to clarify the witness' prior statement and to correct any misstatement by the witness. In any event, since the defendant was acquitted of rape, we perceive no prejudice on this occasion from this testimony.

Since the evidence in this case of the defendant's guilt was not overwhelming and since we are persuaded that the preserved and unpreserved errors are sufficiently significant in the context of the trial to make plausible an inference that the result might have been otherwise but for the errors, see *Commonwealth* v. *Flebotte*, 417 Mass. at 353, and *Commonwealth* v. *Almon*, 30 Mass. App. Ct. 721, 725 (1991), we conclude that these errors require reversal of the judgment.

*Judgment reversed.*
*Verdict set aside.*