COMMONWEALTH *vs.* THOMAS HYNES. No. 95-P-1083. May 7, 1996. *Evidence,* Sexual conduct, Hearsay, State of mind. *Jury and Jurors. Practice, Criminal,* Assistance of counsel.

The defendant was convicted by a Superior Court jury of two counts of rape of a child under sixteen and of assault with intent to commit rape of a child. He appeals from his convictions and from an order denying a motion for a new trial. The defendant argues that the judge erred in admitting evidence that implied the commission of other sexual misconduct and in not conducting a postverdict examination to inquire whether jurors were exposed to extraneous matters. He further argues that he received ineffective assistance of counsel. We affirm.

The victim, twenty-six years old at the time of trial, was the niece of the defendant. The alleged abuse occurred when the victim was fourteen years of age and in the custody of the defendant. She did not complain to the district attorney's office for nine years.

1. *Evidence which implied sexual misconduct.* On cross-examination, defense counsel asked the victim why she had waited nine years before

coming forward and, through questioning, linked her decision to her recent visit to a therapist. On redirect, over an objection, the victim testified that she had come forward, in part, because the defendant's ex-wife called her and told her that the defendant was seeking custody of his ten year old daughter. The judge allowed the statement to be admitted under the state of mind exception to the hearsay rule and gave a limiting instruction to the jury. The defendant argues that the prejudicial impact of this evidence outweighed its relevance.[1] There was no error.

The evidence was relevant " 'to correct any mistaken conclusions the jury may have drawn [about the witness's state of mind] from the defendant's questions as well as to rehabilitate the witness.' " *Commonwealth* v. *Errington*, 390 Mass. 875, 881 (1984), quoting from *Commonwealth* v. *Jackson*, 384 Mass. 572, 584 (1981). Generally, however, "testimony about bad acts, inherently prejudicial, is not admissible to explain why a delayed complaint was made at a particular time or to show the victim's state of mind when he or she made the complaint." *Commonwealth* v. *Johnson*, 35 Mass. App. Ct. 211, 218 (1993). Here, the victim's testimony gave no indication of bad acts. The victim simply stated that she came forward because she heard that the defendant was seeking custody of his daughter. Contrast *Commonwealth* v. *Montanino*, 409 Mass. 500, 505 (1991) (error when victim testified that he reported the defendant's sexual abuse "[b]ecause I had found out that it was still going on"); *Commonwealth* v. *Johnson, supra* at 217 (error to admit testimony of sexual touching that occurred forty months after abuse for which defendant on trial); *Commonwealth* v. *Demars*, 38 Mass. App. Ct. 596, 597-598 (1995) (error to admit testimony of father that he had received shocking news that caused him to have concerns about sexual abuse of his daughter).

2. *Extraneous influence on jury*. After trial, a juror wrote to the judge claiming to have struggled with an illness similar to that of the defendant. The juror stated that the jury was in deliberation for "quite awhile" in part because "of [the juror's] own concern about our system of rehabilitation and what effect it would have" on the defendant. The defendant requested that the judge conduct a postverdict inquiry of the juror to discover if he had been a victim of childhood sexual abuse and if any other juror stated during deliberations that he or she had been a victim. The defendant claims it was error for the judge to deny the request, as the jury could have been exposed to extraneous matters. There was no error.

Postverdict interrogations of jurors are not favored except where there is some showing of illegal or prejudicial intrusion into the jury process. *Commonwealth* v. *Fidler*, 377 Mass. 192, 203 (1979). Typically, extraneous influences include unauthorized site views by jurors, improper communications to jurors by third persons, and improper consideration of documents not in evidence. *Id*. at 197. The letter at most indicates that the jury

---

[1]At oral argument, defense counsel further contended that it was error to allow the victim to testify that in the conversation the defendant's ex-wife stated that she knew of the relationship between the victim and the defendant. The defendant did not argue this issue in his brief, and we consequently do not address it. Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975). *Commonwealth* v. *Good*, 409 Mass. 612, 617 (1991). *Commonwealth* v. *Dougan*, 23 Mass. App. Ct. 1012, 1014 (1987).

considered one juror's opinion regarding the consequences of conviction for the defendant. " 'We cannot expunge from jury deliberations the subjective opinions of jurors, their attitudinal expositions, or their philosophies. These involve the very human elements that constitute one of the strengths of our jury system, and we cannot and should not excommunicate them from jury deliberations' " (citations omitted). *Id.* at 199. The judge properly denied the request for a postverdict inquiry.

3. *Ineffective assistance of counsel.* In order to sustain the defendant's claims of ineffective assistance of counsel he must show both that "there has been serious incompetency, inefficiency, or inattention of counsel — behavior of counsel falling measurably below that which might be expected from an ordinary fallible lawyer" — and that it deprived him "of an otherwise available, substantial ground of defence." *Commonwealth* v. *Saferian*, 366 Mass. 89, 96 (1974).

First, the defendant argues that his counsel erred in not filing a pretrial motion to admit a psychologist's report that detailed another individual's abuse of the victim. The defendant claims that the evidence would have been admissible to show that the victim confused the two incidents of abuse. Evidence of sexual abuse by a third party is generally excluded under the rape-shield statute. G. L. c. 233, § 21B. *Commonwealth* v. *Thevenin*, 33 Mass. App. Ct. 588, 591-592 (1992). If, however, the defendant is not seeking to use the evidence to show the victim's promiscuity as part of a general credibility attack, it may be admissible because a defendant has the constitutional right to present a full defense. See *id.* at 592. Nevertheless, the defendant's use for the evidence must be " 'based on more than vague hope or mere speculation.' " *Ibid.*, quoting from *Commonwealth* v. *Chretien*, 383 Mass. 123, 138 (1981).

Here, the defendant's argument regarding the victim's confusion is based on mere speculation. There was no evidence to support the defendant's contention that the victim confused incidents of abuse by the defendant with abuse by the other individual. She testified clearly about the incidents of abuse involving the defendant. See *Commonwealth* v. *Rathburn*, 26 Mass. App. Ct. 699, 708 (1988). Contrast *Commonwealth* v. *Baxter*, 36 Mass. App. Ct. 45 (1994) (evidence of other abuse relevant when two incidents occurred in similar places, were committed by men with the same name, and the victim suffered from flashbacks and auditory hallucinations). Even if the defendant's counsel had filed a pretrial motion, it would not have been successful. There was no ineffective assistance of counsel in this regard. See *Commonwealth* v. *Brady*, 380 Mass. 44, 56 (1980) ("Effective assistance is not measured by trial counsel's willingness to indulge every available procedure no matter how futile"); *Commonwealth* v. *Conceicao*, 388 Mass. 255, 264 (1983); *Commonwealth* v. *Cohen*, 412 Mass. 375, 392 (1992); *Commonwealth* v. *McColgan*, 31 Mass. App. Ct. 932, 935-936 (1991).

Second, the defendant argues his counsel was ineffective because he did not present evidence that the Department of Social Services (DSS) did not have records on the victim to counter her claim that the defendant abused her when DSS placed her in his custody. Prior to trial, the defendant moved for production of the DSS records. The Commonwealth did not produce them as it did not have the records in its possession. The defen-

dant claims that his counsel should have subpoenaed DSS for the production of the records, and then presented evidence to the jury that the records did not exist.

The defendant was not denied a substantial ground of defense. At trial, it was never contested that the victim was involved with DSS. The victim, the defendant, and one of the defendant's witnesses testified that she had been involved with DSS. In addition, the defendant never contested that the victim stayed at his house. Thus, the lack of DSS records would not have significantly challenged the victim's credibility, and the failure to subpoena the records was not error that rises to the level of ineffective assistance of counsel.

Finally, the defendant argues that he was denied effective assistance of counsel because his trial counsel did not object to the judge's decision not to give a circumstantial evidence instruction to the jury. There was no significant circumstantial evidence in this case, and the failure to insist on a circumstantial evidence instruction did not deprive the defendant of an otherwise available, substantial ground of defense. Cf. *Commonwealth* v. *Adams*, 34 Mass. App. Ct. 516, 519 (1993) (failure to give jury instruction is reversible error only if the requested instruction is substantially correct, was not substantially covered in charge given to the jury, and concerns an important point in the trial so that the failure to give it seriously impaired the defendant's ability effectively to present a given defense); *Commonwealth* v. *Key*, 381 Mass. 19, 27 (1980) (defendant entitled to no more than that judge clearly present issues, law, and apprise jury of matters affecting credibility).

> *Judgments affirmed.*
> *Order denying motion for new trial affirmed.*

*Steven J. Rappaport* for the defendant.

*David C. Megan*, Assistant District Attorney, for the Commonwealth.