**UNITED STATES of America,**
**Appellee,**
**v.**
**Robert L. SAMUEL, Appellant.**
**No. 13650.**

United States Court of Appeals,
Fourth Circuit.

Nov. 6, 1970.

---

12. See Annot., 5 A.L.R.3d 1269, 1319, § 10(b) (1966).

**664**

Albert J. Ahern, Jr., Washington, D. C. (Court-appointed counsel), for appellant.

David H. Hopkins, Asst. U. S. Atty. (Brian P. Gettings, U. S. Atty., on the brief), for appellee.

Before SOBELOFF, WINTER and BUTZNER, Circuit Judges.

PER CURIAM:

By order of this Court entered September 15, 1970, 431 F.2d 610, we requested the district judge to supplement the record by filing a statement of all the reasons and facts and matters from which he concluded to require defendant to be tried before a jury wearing handcuffs. We reserved the question of whether defendant's conviction should be reversed because of an abuse of discretion on the part of the district judge in this regard. The statement has been filed, a copy was served on counsel and counsel has filed a responsive memorandum.

The statement shows that the district judge had reason to believe that defendant and a codefendant might attempt bodily harm to the government informer when his identity was disclosed at trial. After the trial began, there was also reason to suspect that if such an attempt were made, assistance might be forthcoming from persons who were purportedly solely spectators in the courtroom.

While some of the bases for the district judge's beliefs do not have the same degree of specificity that we would require had the district judge recorded his information contemporaneously with the event, the fact is that the nature of the crime and the circumstances under which it was perpetrated made it inevitable that the jury knew that defendant had previously been convicted of crime and was an inmate in a penal institution. Moreover, the jury was instructed that these facts could not be considered in determining defendant's guilt or innocence of the pending charge.

We cannot conclude that the district judge abused his discretion and the judgment of conviction is

Affirmed.