COMMONWEALTH vs. ARTHUR DeVASTO.

Middlesex.  January 9, 1979. — April 10, 1979.

Present: GRANT, BROWN, & PERRETTA, JJ.

*Practice, Criminal,* Security measures in courtroom, Fair trial.

Where the judge at a criminal trial failed to comply with the require-
ments and guidelines on the use of unusual security measures in
the courtroom as set forth in *Commonwealth* v. *Brown,* 364 Mass.
471 (1973), there was not an adequate basis in the record to justify
his decision that the defendant should be handcuffed and guarded
by uniformed correctional officers during his trial. [365-367]

INDICTMENT found and returned in the Superior Court
on February 14, 1977.

The case was tried before *Garrity,* J.

*Daniel E. Callahan* for the defendant.

*William L. Pardee,* Assistant District Attorney, for the
Commonwealth.

BROWN, J. The defendant, an inmate at the Massa-
chusetts Correctional Institution at Walpole (Walpole),
was tried, with two other inmates, to a jury in the Superi-
or Court on indictments charging each of them with at-
tempted escape and assault and battery upon an officer
of a correctional institution (see G. L. c. 127, § 38B). The
incident which gave rise to the indictments occurred in
the garage area of the Middlesex County courthouse
while all three inmates were being transported from Wal-
pole to the courthouse for court appearances. The jury
returned a verdict of guilty on the assault and battery
charge but found the defendant not guilty of attempted

escape. The defendant appeals pursuant to G. L. c. 278, §§ 33A-33G. He claims that he was deprived of a fair trial with an impartial jury because the judge ruled that he was to remain handcuffed and guarded by uniformed correctional officers during his trial.

Upon consideration of the record and briefs in this case, and after oral argument, we remanded the case to the trial judge for the purpose of making findings of fact on the question of a possible deprivation of the defendant's right to a fair trial.[1] Cf. *United States* v. *Samuel*, 433 F.2d 663, 664 (4th Cir. 1970), cert. denied, 401 U.S. 946 (1971). The judge was ordered to hold further hearings and receive additional evidence of the type and on the subjects discussed in *Commonwealth* v. *Brown*, 364 Mass. 471, 473-475 (1973); it was further ordered that the findings of fact and statement of reasons for his rulings should include and conform to the guidelines set out in the *Brown* decision, *supra* at 479 n.18. Accord, *Commonwealth* v. *Curry*, 368 Mass. 195, 201 (1975). A remand appeared particularly appropriate in this instance, as *Brown* had been decided four years prior to trial, and neither counsel had brought that decision to the attention of the judge. Compare *Commonwealth* v. *Ferguson*, 365 Mass. 1, 13 (1974), and *Commonwealth* v. *Stewart*, 365 Mass. 99, 109 (1974).[2]

Looking to the judge's candidly thorough findings on remand and the underlying record, we state some of the facts at this point, reserving the rest for later discussion of the particular aspects of the issue on appeal. Prior to empanelment of the jury, the defendant requested that his handcuffs be removed and that uniformed correctional officers not be posted directly behind him. The prosecutor opposed the request, based on "security reasons." The

---

[1] This was done in order to ascertain whether there were any significant discussions (e.g., lobby conferences) or relevant considerations not reflected in the trial transcript.

[2] In the future, however, we may see fit to decide such cases on the record as it comes to us.

judge denied the request; and, at all times during trial, all the defendants appeared before the jury in handcuffs, seated in a row, with three uniformed correctional officers from Walpole seated directly behind them, and two and sometimes three uniformed court officers seated at each end of the row. There was no other physical restraint on the defendants while the jury were present.

We are constrained to hold that the defendant must have a new trial, as the judge has not made it appear on the record after remand that the use of unusual security measures and special physical restraints was justified. See *Commonwealth* v. *Brown,* 364 Mass. at 479. See also *Commonwealth* v. *Ferguson, supra.* The decision to use unusual security measures lies within the trial judge's sound discretion. *Commonwealth* v. *Brown,* 364 Mass. at 476. See *Woodards* v. *Cardwell,* 430 F.2d 978, 982 (6th Cir. 1970), cert. denied, 401 U.S. 911 (1971). The test for us on review is whether the judge has abused his discretion. *Id.* See *Kennedy* v. *Cardwell,* 487 F.2d 101, 110 (6th Cir. 1973), cert. denied, 416 U.S. 959 (1974); *United States* v. *Samuel,* 431 F.2d 610, 614-615, *S.C.* 433 F.2d 663 (4th Cir. 1970), cert. denied, 401 U.S. 946 (1971). "Not every defendant who is in custody under previous sentence and who is accused of the commission of a crime while in a penal institution should be tried before a jury shackled in handcuffs or subjected to other unusual security measures." *United States* v. *Samuel,* 431 F.2d at 615. See *Kennedy* v. *Cardwell, supra* (defendant's record reflected one previous escape). And although a trial judge has discretion to keep a defendant physically restrained, his power to do so is sharply limited. The judge must have sound reasons for the exercise of this discretion, and his reasons must be placed on the record. *Commonwealth* v. *Brown,* 364 Mass. at 479. *State* v. *Roberts,* 86 N.J. Super. 159, 166-167 (1965). See *Woodards* v. *Cardwell, supra.* "[A] judge who contemplates approving such measures should state his reasons (including recommendations received from the custodial authority) in the presence of

counsel and [the] defendant, and out of the presence of veniremen or jury, and provide an opportunity for counsel to make their objections known." *Commonwealth* v. *Brown,* 364 Mass. at 479. Had the judge done so here, for all we know, "he might have done differently and better." *Id.* at 478. Compare *Commonwealth* v. *Stewart, supra.*

We think that the judge in his brief colloquy with counsel did not adduce sufficient evidence on the record to support a conclusion that the defendant had to be physically restrained and closely guarded throughout the trial. A careful review of the findings after remand indicates that the judge placed inordinate consideration on two newspaper accounts of the alleged incident. Thus, it is not evident that the judge's decision was produced by weighing the conflicting interests involved, or by following the "guidelines for handling [special security] laid down in *Commonwealth* v. *Brown,*" *Commonwealth* v. *Curry,* 368 Mass. at 201. There is no indication that the judge sought the recommendation of any official charged with the custody of the prisoner as to what security measures might be necessary. Compare *Commonwealth* v. *Brown, supra* at 474. Nor does the record on remand depict that prior to trial there was the kind of consideration called for by the guidelines set out in *Commonwealth* v. *Brown, supra* at 479 n.18. The record shows no inquiry by the judge into the crucial issue whether any risk existed that the defendant might attempt to escape during trial. Compare *Woodards* v. *Cardwell,* 430 F.2d at 981. We are not persuaded that the mere fact that a defendant is charged with attempted escape justified a decision to keep him shackled and closely guarded throughout his trial. *United States* v. *Samuel,* 431 F.2d at 615-616.

The judge must consider and place on the record all the circumstances affecting his decision. The trial was held in a courtroom on the ninth floor of the courthouse. The courtroom has three doors; only the door generally open to the public would seem to be a viable escape exit.[3] It

---

[3] In *Brown,* the courtroom was on the first floor of the building not

appears that the judge's decision to use unusual security measures was bottomed solely on preventing an escape. As the defendant was accused of attempted escape and assault and battery on a correctional officer, we think that the record should have reflected that there was consideration or a weighing of the possible inferences or impressions on the jury with respect to both offenses. It would seem that if escape did not appear too likely (and without a record we cannot be sure) the jury could infer that the reason for the handcuffs and five or six guards was to prevent an assault, which was the other offense for which the defendant was being tried.

But in any event, once it has been determined that special security precautions are called for, "the least drastic and conspicuous measures reasonably available that will meet the particular need" should be employed. *Commonwealth* v. *Brown*, 364 Mass. at 479. It is well settled that unusual physical restraints should be employed only as a last resort. *Id.* at 475. *Commonwealth* v. *Agiasottelis*, 336 Mass. 12, 16 (1957). *Dorman* v. *United States*, 435 F.2d 385, 397-398 (D.C. Cir. 1970). *Kennedy* v. *Cardwell*, 487 F.2d at 111. The record is devoid of consideration of this aspect of the imposition of unusual security measures.

In sum, as the judge failed to comply with the requirements and guidelines of *Commonwealth* v. *Brown*, which "laid down future guidelines on the subject of unusual security measures in the courtroom" (*Commonwealth* v. *Stewart*, 365 Mass. at 109), we are left with a record that lacks an adequate basis to justify the security measures actually imposed. See *Woodards* v. *Cardwell*, 430 F.2d at 982.

The judgment on the indictment for assault and battery is reversed, the verdict is set aside, and the case is remanded to the Superior Court for a new trial, to be

far from ground level and had two doorway exits; its windows were not barred. 364 Mass. at 475.

conducted in accordance with the requirements of the *Brown* case.

> ˙.·                            *So ordered.*