COMMONWEALTH *vs.* RONALD A. STOKES. February 25, 1981. The defendant was convicted by a jury in the Boston Municipal Court Department of (1) operating an uninsured motor vehicle, (2) operating an unregistered motor vehicle, (3) operating a motor vehicle after his right to operate had been revoked, and (4) operating a motor vehicle so as to endanger, all the offenses arising out of a traffic accident in the Roslindale section of Boston.

At trial, the judge permitted the defendant to proceed pro se, and instructed his former defense counsel to assist him. The judge then denied the defendant's request to sit at counsel table for the purpose of conducting his defense, thereby requiring him to conduct his trial from the prisoner's dock.

We conclude that in the particular circumstances presented here the trial judge improperly denied the defendant's motion to sit at counsel table and not be confined to the prisoner's dock.

Because "confinement in a prisoner dock focuses attention on the accused and may create the impression that he is somehow . . . dangerous," *Walker* v. *Butterworth,* 599 F.2d 1074, 1080 (1st Cir.), cert. denied, 444 U.S. 937 (1979), a trial judge in making a determination whether to confine a defendant must not look to the convenience of it, but to the necessity for it. The law is clear that the "casual use of the dock [is] unwise . . . not because the practice always or even usually operated to the defendant's prejudice, but rather because there [is] no good reason in appropriate cases to risk even a very remote possibility of hurting a defendant's chances." *Commonwealth* v. *Young,* 382 Mass. 448, 462 (1981). As this court stated in another context, "although a trial judge has discretion to keep a defendant physically restrained, his power to do so is sharply limited. The judge must have sound reasons for the exercise of this discretion, and his reasons must be placed on the record." *Commonwealth* v. *DeVasto,* 7 Mass. App. Ct. 363, 365 (1979). No inquiry was made as to why the defendant had to remain in the dock during trial, and the record only faintly suggests the judge's reasons ("Well, we have a security problem . . . .") for requiring him to remain there.

But here, in addition to the above stated potential difficulties, there was no justification offered as to why the defendant in this fairly routine traffic case should have been hampered in the conduct of his pro se defense by requiring that he do so from the prisoner's dock. We agree with the defendant that "the dock deflects the defendant's attention from his

primary concern — the presentation of a defense." See *Commonwealth* v. *Brown*, 364 Mass. 471, 475 (1973). We thus think that in the unusual circumstances of this case and on the record before us the decision to confine the pro se defendant to the dock was an abuse of discretion. *Commonwealth* v. *Moore*, 379 Mass. 106, 109 (1979). Contrast *Commonwealth* v. *Guy*, 9 Mass. App. Ct. 318, 320 (1980), where this court indicated that "[t]he record is significantly silent as to any claim of difficulty that the defendant might have had" in assisting in the conduct of his trial. That the defendant was significantly restricted in his ability properly to conduct a defense, "even with the aid of consulting counsel, is made abundantly clear by the record." *Commonwealth* v. *Cavanaugh*, 371 Mass. 46, 55 (1976). The prejudice to the defendant is equally apparent. The defendant was precluded from participating in all bench conferences. In what appeared to be a situation comedy, the defendant was placed in the awkward position of requesting a bench conference, and then requesting that his consulting counsel approach the bench, thus leaving consulting counsel to surmise the purposes for which the conference was intended. Even more detrimental to the defendant's defense was the judge's denial of his request to approach a witness (as did the assistant district attorney) for the purpose of examining that witness on the specific details of certain photographic evidence. Requiring that a pro se defendant be confined to the dock during trial in the absence of any showing of necessity strikes us as similar to forcing a defendant to go to trial with inadequately prepared counsel, an act condemned in *Commonwealth* v. *Cavanaugh, supra*.

In addition, we are unable to say on this record that the jury could not have drawn an inference adverse to the defendant from his being required, unlike the usual attorney, to conduct his defense from the dock. Nor can we say in these circumstances that one accidental observation by the jury of the defendant in shackles and accompanied by armed prison guards could not have prejudiced the case of a person appearing pro se. Compare *Estelle* v. *Williams*, 425 U.S. 501, 504 (1976); *Commonwealth* v. *MacDonald (No. 2)*, 368 Mass. 403, 409-410 (1975), and cases cited.

We do not reach any of the other issues raised by the defendant, as it is unlikely that any of them will arise at a retrial.

*Judgments reversed.*
*Verdicts set aside.*

*Willie J. Davis* for the defendant.
*Michael J. Traft*, Assistant District Attorney, for the Commonwealth.