COMMONWEALTH *vs.* KEVIN MEUSE. March 9, 1981. The defendant has appealed from his convictions by a jury in October of 1979 on two indictments for armed robbery and one indictment for assault with intent to murder. 1. There was no abuse of discretion or other error of law in the denial of the defendant's motion that he be seated at counsel table rather than in the dock. There was nothing to suggest that seating the defendant in the dock would lead or contribute to an impermissible misidentification of him by any of the prosecution witnesses. Compare *Commonwealth* v. *Jones,* 375 Mass. 349, 355-359 (1978); *Commonwealth* v. *Napolitano,* 378 Mass. 599, 603, 604 (1979); *Commonwealth* v. *Moore,* 379 Mass. 106, 111 (1979); *Commonwealth* v. *Guy,* 9 Mass. App. Ct. 318, 320 (1980). *Commonwealth* v. *Durant,* 10 Mass. App. Ct. 768, 773-774 (1980). The defendant's lengthy criminal record, which the judge had before him (compare *Commonwealth* v. *Stewart,* 365 Mass. 99, 109 [1974]; *Commonwealth* v. *Young,* 382 Mass. 448, 462 [1981]) and which is before us, included convictions of assault and battery with a dangerous weapon and of attempted escape from a penal institution. See *Commonwealth* v. *Brown,* 364 Mass. 471, 476, 479 n.18 (1973). There was no challenge to any of the prosecutor's representations (a) that the head court officer held a warrant for the arrest of the defendant by reason of his having defaulted on a complaint for another attempted escape from a penal

institution; (b) that the defendant had recently been administratively transferred from M.C.I., Concord, to M.C.I., Walpole, by reason of his having attempted to escape from the former; and (c) that the staff at the reception diagnostic center at M.C.I., Norfolk, had reported that the defendant "has a marked tendency to default and to attempt to escape." Nor was there any quarrel with the head court officer's opinion that he lacked the manpower necessary to guard the defendant if he were to be seated at counsel table (see *Commonwealth* v. *Brown,* 364 Mass. at 479; *Commonwealth* v. *MacDonald* [*No.2*], 368 Mass. 403, 408 [1975]), or with the stated reasons for that opinion. The judge specifically found that "with that record and the lack of physical security in this particular courtroom, the limitations on the [s]heriff's staff within the courtroom, we can't guarantee [the defendant] will stay here unless he's in the dock." He further found that the position of the dock would not interfere with the defendant's ability to confer with his counsel. Compare *Commonwealth* v. *Brown,* 364 Mass. at 477 n.14; *Commonwealth* v. *Walker,* 370 Mass. 548, 573-574 and n.18, cert. denied, 429 U.S. 943 (1976). Contrast *Commonwealth* v. *Moore,* 379 Mass. at 107-108; *Commonwealth* v. *Stokes, ante* 949 (1981). Counsel declined the judge's express invitation to suggest additional findings that might be relevant to the motion. The defendant was not handcuffed or shackled while in the courtroom (compare *Commonwealth* v. *Curry,* 368 Mass. 195, 201 [1975]; *Commonwealth* v. *MacDonald* [*No. 2*], 368 Mass. at 408; contrast *Commonwealth* v. *Brown,* 364 Mass. at 474; *Commonwealth* v. *Stewart,* 365 Mass. at 108-109), and in his charge the judge gave all the instructions which were required in the circumstances. Compare *Commonwealth* v. *Brown,* 364 Mass. at 480; *Commonwealth* v. *Moore,* 379 Mass. at 108, 111; *Commonwealth* v. *Young,* 382 Mass. at 462; *Commonwealth* v. *Durant,* 10 Mass. App. Ct. at 774. Any notion that this case bears a resemblance to that of *Commonwealth* v. *DeVasto,* 7 Mass. App. Ct. 363 (1979), is frivolous. 2. We pass the point that no objection was voiced below to the remarks of the prosecutor in his closing argument concerning the credibility of his witnesses which are now complained of. See *Commonwealth* v. *Fitzgerald,* 376 Mass. 402, 416 (1978). If we assume for purposes of decision that there were some improprieties, we are of opinion that any prejudicial effect they might have had was obliterated by the portions of the judge's charge which were taken from *Commonwealth* v. *Webster,* 5 Cush. 295, 320 (1850), and from *Commonwealth* v. *Rodriguez,* 378 Mass. 296, 302, app. 310-311 (1979). 3. No other question has been argued.

*Judgments affirmed.*

*Claudia C. Conway (Jane K. Lewis* with her) for the defendant.
*Lila Heideman,* Assistant District Attorney, for the Commonwealth.