COMMONWEALTH *vs.* CHARLES HAWKINS, JR. April 10, 1984. *Practice, Criminal,* Assistance of counsel, Pretrial motion, Argument by prosecutor. *Waiver. Motor Vehicle,* Certificate of title.

The defendant, convicted of altering an assignment of a certificate of title (G. L. c. 90D, § 32[*a*]), alleges a miscellany of errors. 1. The defendant was advised by at least three judges of his right to counsel and had the benefit of two appointed counsel (he fired each) and two appointed standby counsel. The findings of September 28, 1983, indicate that the defendant affirmatively waived counsel, asserted a wish to represent himself at trial, and affirmatively acquiesced in the arrangement for standby counsel throughout the trial. Under these circumstances the defendant bore the burden of establishing that his waiver and affirmative acquiescence were not knowing and intelligent. *Maynard* v. *Meachum*, 545 F.2d 273, 277-279 (1st Cir. 1976). That burden was not met. The defendant was represented by counsel at his nonjury trial and had continuous and comprehensive assistance of counsel up to the start of his jury trial; he had standby counsel throughout that trial; he conducted his defense with comprehension and, judging solely from the transcript, considerable familiarity with criminal trials — an impression borne out by (but not dependent on) his lengthy prior record. These facts warrant an inference of understanding and intelligent waiver. *Id.* at 279. *Commonwealth* v. *Appleby*, 389 Mass. 359, 368 (1983). *Commonwealth* v. *Moran, ante* 200, 208 (1983). 2. The modest restriction imposed by the judge for the security of exhibits in the courtroom was neither "arbitrary [n]or unreasonable", *Commonwealth* v. *Brown,* 364 Mass. 471, 476 (1973), nor does it appear to have impaired the conduct of the defense. Contrast *Commonwealth* v. *Stokes*, 11 Mass. App. Ct. 949, 950 (1981). 3. The defendant concedes, apparently, that the evidence warranted a finding that he had altered the date on the assignment of the certificate of title but argues that his motion for a directed verdict should have been allowed because there was no

evidence that the alteration was material or was done with intent to deceive. The statute in question, G. L. c. 90D, § 32, was added by St. 1971, c. 754, § 1. Subsection (*b*) expressly requires fraudulent intent for one type of violation; subsection (*a*) does not. The omission was not the inadvertent result of piecemeal amendments and thus was presumably intentional. See *First Natl. Bank* v. *Judge Baker Guidance Center*, 13 Mass. App. Ct. 144, 153 (1982). The deletion of the fraudulent intent requirement in subsection (*b*) by a 1975 amendment (St. 1975, c. 392, § 14) undercuts any suggestion that such a requirement suffuses the entire section. The argument that the word "falsely" in subsection (*a*) should be read to apply to alterations of assignments of certificates little profits the defendant, because the jury could properly infer that the change in the date of the assignment was both false and material. 4. Massachusetts Rule of Criminal Procedure 13(d)(2)(A), 378 Mass. 873-874 (1979), requires that "pretrial motion[s] shall be filed within seven days after the date set for the filing of the pretrial conference report . . . or at such other time as the judge . . . may allow." The record does not show that the judge erred in ruling the defendant's motion to suppress untimely. That the judge was prepared to allow the defendant to file such a motion on August 11, 1981, did not permit the defendant to file it as of right two months later, on October 9. 5. The argument by the prosecutor regarding the character of the defendant was, in the circumstances, fair argument from the testimony. Compare *Commonwealth* v. *MacDonald (No. 1)*, 368 Mass. 395, 401 (1975). The character of the defendant was in issue. Contrast *Commonwealth* v. *Burke*, 373 Mass. 569, 575 (1977). 6. The contentions made (apparently as afterthoughts) in the defendant's reply brief are disposed of by the holdings in *Commonwealth* v. *Pasciuti*, 12 Mass. App. Ct. 833; 835-836 (1981), and *Commonwealth* v. *Harris*, 376 Mass. 74, 78 (1978). The findings of September 28, 1983, reconstructed the record sufficiently to show that the claim in question was without merit.

*Judgment affirmed.*

*Robert L. Sheketoff* for the defendant.
*David P. Linsky*, Assistant District Attorney, for the Commonwealth.