STATE OF NORTH CAROLINA v. TERRY WRIGHT

No. 8626SC55

(Filed 5 August 1986)

**Criminal Law § 98— shackled defendant—no prejudice**
> There was no prejudicial error in a trial in which defendant was shackled where defendant did not testify and the record contains no indication that the jury saw or was told about the shackles; the record shows that an oversized briefcase was placed behind defendant's chair to prevent the jury from seeing the shackles; the jury was not brought into the courtroom until after defendant was seated at his table with his feet underneath it; and the trial judge found without exception that the jury did not see the shackles.

APPEAL by defendant from *Downs, Judge.* Judgments entered 31 July 1985 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 4 June 1986.

*Attorney General Thornburg, by Assistant Attorney General Lucien Capone III, for the State.*

*Appellate Defender Hunter, by Assistant Appellate Defender David W. Dorey, for defendant appellant.*

PHILLIPS, Judge.

Defendant was convicted of four counts of armed robbery in violation of G.S. 14-87. His request for a new trial is based upon a solitary assignment of error which contends that the presumption of innocence that is the right of each person tried for crime in this country was undermined "in the eyes of the jurors" by the court erroneously trying him in leg shackles and in failing to take adequate "remedial measures" to prevent the prejudice. The following legal principles, basic to restraining defendants in court and recognized by both parties in their briefs, are pertinent: There is no ban, constitutional or otherwise, against physical restraint in the courtroom *per se.* Our law permits a defendant to be physically restrained during his trial when restraint is necessary to maintain order, prevent the defendant's escape, or protect the public. *United States v. Samuel,* 431 F. 2d 610, 433 F. 2d 663 (4th Cir. 1970), *cert. denied,* 401 U.S. 946, 28 L.Ed. 2d 229, 91 S.Ct. 964 (1971); *State v. Tolley,* 290 N.C. 349, 226 S.E. 2d 353 (1976); G.S. 15A-1031. What is forbidden—by the due process and fair trial guarantees of the Fourteenth Amendment to the United States Constitution and Art. I, Sec. 19 of the North Carolina Constitution—is physical restraint that improperly deprives a defendant of a fair trial. *United States v. Samuel, supra; State v. Tolley, supra.*

Defendant's assignment of error is contradicted by the record and we overrule it. Instead of showing that defendant lost favor with the jury because of the shackles the record shows that the jurors did not see or know that defendant was in shackles and thus could not have drawn any conclusions unfavorable to him either from the shackles or from the court's alleged failure to take adequate remedial measures in regard to them. The defendant did not testify and the record contains no indication that the jury saw

or was told about the shackles. On the other hand, the record shows that to prevent the jury from seeing the shackles on defendant's legs an oversized briefcase was placed behind his chair, the jury was not brought into the courtroom each time until after defendant was seated at his table with his feet underneath it, and that the trial judge found, without defendant excepting thereto, that the jury did not see the shackles. Since new trials are granted only for errors that are prejudicial, *State v. Milby*, 302 N.C. 137, 273 S.E. 2d 716 (1981), and it is clear to us from the record, and we so find, that any error the court may have committed in regard to the shackles "was harmless beyond a reasonable doubt," G.S. 15A-1443(b), a discussion of the court's alleged errors in regard to the shackles would be pointless. In a similar case where the record also showed that the defendant was not prejudiced by being restrained during his trial the Minnesota Supreme court declined to determine whether the trial court erred in restraining him. *State v. Scott*, 323 N.W. 2d 790 (Minn. 1982).

No error.

Judges MARTIN and PARKER concur.