STATE OF NORTH CAROLINA v. LANNIE BLANE SIMPSON

No. COA02-85

(Filed 5 November 2002)

**Criminal Law— defendant restrained—no abuse of discretion**

The trial court did not abuse its discretion by ordering that defendant be restrained during an armed robbery prosecution based on defendant's 1989 escape from a state prison where the court pledged to ensure that the jury would not see defendant restrained, and the record fails to show that the jury could see the restraints.

Appeal by defendant from judgment entered 22 August 2001 by Judge Kimberly S. Taylor in Cabarrus County Superior Court. Heard in the Court of Appeals 15 October 2002.

*Attorney General Roy A. Cooper, III, by Assistant Attorney General Leonard G. Green, for the State.*

*J. Clark Fischer for defendant-appellant.*

MARTIN, Judge.

Lannie Blane Simpson ("defendant") appeals from a judgment entered upon his conviction by a jury of robbery with a dangerous weapon and of being an habitual felon, arising out of defendant's alleged robbery, with the use of a handgun, of a CVS pharmacy on 6 January 2001. The sole assignment of error brought forward on appeal is to the trial court's order that defendant be restrained during

STATE v. SIMPSON

[153 N.C. App. 807 (2002)]

his trial. During a recess in the presentation of the State's evidence, and outside the presence of the jury, the trial court stated as follows:

I will first say with regard to the security issue that I have asked the bailiff to put restraints on [defendant]; and the reason that I did that and I indicated that was because looking through the habitual felon indictment I saw that he had been previously convicted of felony escape and in light of that, I did not feel comfortable security-wise with him not being restrained in the courtroom.

The trial court noted the objection of defendant's counsel and advised counsel that the jury would be brought in and out of the courtroom before anyone else moved; that defendant would not be walked in front of the jury in shackles; that if defendant were to testify, he would be brought to the witness stand out of the presence of the jury; and that the court would otherwise "do [its] best to keep the jury from seeing that he is under restraint." The court inquired as to whether defense counsel wished to be heard further regarding the matter and counsel responded that he did not. Defendant's habitual felon indictment contained in the record and referred to by the trial court revealed that in 1989, defendant was convicted of felony escape from a state prison in Cabarrus County.

In his sole argument on appeal, defendant contends the trial court abused its discretion in ordering that he be restrained during trial, and that this error entitles him to a new trial. While we agree with defendant that the trial court did not fully comply with the requirements of G.S. § 15A-1031, he has not shown prejudice requiring a new trial.

G.S. § 15A-1031 provides:

A trial judge may order a defendant or witness subjected to physical restraint in the courtroom when the judge finds the restraint to be reasonably necessary to maintain order, prevent the defendant's escape, or provide for the safety of persons. If the judge orders a defendant or witness restrained, he must:

(1) Enter in the record out of the presence of the jury and in the presence of the person to be restrained and his counsel, if any, the reasons for his action; and

(2) Give the restrained person an opportunity to object; and

(3) Unless the defendant or his attorney objects, instruct the jurors that the restraint is not to be considered in weighing evidence or determining the issue of guilt.

N.C. Gen. Stat. § 15A-1031 (2001).

In the present case, there is no indication in the record that the trial court instructed the jury that it was not to consider defendant's restraint in weighing the evidence or determining his guilt. Nor does it appear defendant or his counsel objected to the trial court's failure to give such an instruction.

While, as a general rule, a criminal defendant is entitled to be free from physical restraint at his trial, unless there are extraordinary circumstances which require otherwise, *State v. Thomas*, 344 N.C. 639, 477 S.E.2d 450 (1996), *cert. denied*, 522 U.S. 824, 139 L. Ed. 2d 41 (1997), there is no *per se* prohibition against the use of restraint when it is necessary to maintain order or prevent escape. *State v. Wright*, 82 N.C. App. 450, 346 S.E.2d 510 (1986). "What is forbidden—by the due process and fair trial guarantees of the Fourteenth Amendment to the United States Constitution and Art. I, Sec. 19 of the North Carolina Constitution—is physical restraint that improperly deprives a defendant of a fair trial." *Wright* at 451, 346 S.E.2d at 511. Such a decision must necessarily be vested in the sound discretion of the trial court.

We are unable to say that the trial court's decision to restrain defendant in the present case was an abuse of discretion. Though it is true that the escape upon which the trial court based its decision had occurred a number of years prior to the present trial, the trial court was in the better position to observe the defendant, to know the security available in the courtroom and at the courthouse, to be aware of other relevant facts and circumstances, and to make a reasoned decision, in the light of those factors, that restraint was necessary or unnecessary. Moreover, as in *Wright, supra*, there is no showing on this record that the jurors were affected by, or even aware of, defendant's restraint. The trial court pledged to ensure that the jury would not see defendant restrained; defendant has not argued that the court failed to do so, that the jury was able to view defendant's restraints, or that the jury was otherwise aware defendant was restrained during trial. As our Supreme Court recently noted, where the record fails to disclose that a defendant's shackles were visible to the jury, "the risk is negligible that the restraint undermined the dignity of the trial process or created prejudice in the minds of the jurors," and the

defendant will not be entitled to a new trial on that basis. *State v. Holmes*, 355 N.C. 719, 729, 565 S.E.2d 154, 163 (2002). Accordingly, we find no prejudicial error.

Defendant's remaining assignments of error are deemed abandoned. N.C.R. App. P. 28(a); 28(b)(6).

No error.

Judges GREENE and BRYANT concur.