STATE OF NORTH CAROLINA,
v.
SHANON DEMARIO STANBACK, Defendant.
No. COA08-1000.
Court of Appeals of North Carolina.
Filed June 2, 2009.
This case not for publication
Roy Cooper, Attorney General, by Sueanna P. Sumpter, Assistant Attorney General, for the State.
Jarvis John Edgerton, IV, for defendant_appellant.
MARTIN, Chief Judge.
Defendant was convicted by a jury of felony possession of cocaine and of attaining habitual felon status. He appeals from a judgment entered upon the verdicts sentencing him to a term of 120 to 153 months of imprisonment. We find no prejudicial error in his trial.
At the time of his trial, defendant was in custody and was brought into the courtroom with restraints on his hands and legs. Before jury selection began, defense counsel objected to proceeding while defendant was fully restrained, and stated, "Out [sic] position would be [that defendant] should not be in restraints so the jurors won't see that . . . ." The trial court considered the objection as follows: THE COURT: The question has arisen as to theMr. Stanback being restrained, it appears that currently he has restraints on his hands and at his feet, the Court's looking at the habitual felon indictment, there's an allegation that Mr. Stanback was convicted of common law robbery in 1995, that he was convicted of possession with intent to sell or deliver cocaine in 1999, and breaking or entering in 2001; I don't know anything about the history of Mr. Stanback's confinement in the Forsyth County Detention Center, do you know how long he has been in custody, Mr. Archenbronn?
MR. ARCHENBRONN: I got his case later, but he tells me he's been in custody for 14 months as of next week.
THE COURT: Mister Sheriff, are you aware of any security concern other than just security concern that exists in every case?
BAILIFF: No, Your Honor.
THE COURT: Is it possible forthe Court will order that before any juror comes in and throughout the trial when any jurors are present that hand restraints not be on the Defendant, Mr. Stanback. As far as the leg restraints we can, it appears that Mr. Stanback can be seated in such a manner that it will not be detectable by any juror, that Mr. Stanback is restrained by leg restraints. The partition that goes around this table, goes around all three sides, is that correct? It's only open on the rear of the defense table?
BAILIFF: Yes. The jurors may be able to see the shackles while they are seated out here.
THE COURT: Out in the venire. Then during jury selection the Court orders that Mr. Stanback be, that both the leg and hand restraints be removed. We'll address the question of leg restraints once there are no jurors seated to Mr. Stanback's rear.
Then, after excusing the jury for lunch recess, the court stated: THE COURT: All right, thank you. Let the record reflect, please, all of [the] jurors have left the courtroom. Mister Sheriff, sir, if you will exercise your normal careful procedure to make certain that no jurors are allowed to enter the courtroom until Mr. Stanback is inat the defense table with his attorney, so that no jurors are aware of the fact that Mr. Stanback is in custody.
The record gives no indication that defendant's leg restraints were visible during trial. After the court granted defendant's request that the trial be conducted so that jurors could not see that defendant was restrained, defendant did not object any further to being in leg restraints.
The record on appeal contains five assignments of error. In his brief, however, defendant brought forward only one assignment of error. Accordingly, his remaining assignments of error are deemed abandoned. See N.C.R. App. P. 28(b)(6) ("Assignments of error not set out in the appellant's brief . . . will be taken as abandoned.").
Defendant contends the trial court abused its discretion by ordering that his legs remain restrained during his trial. "[T]here has evolved the general rule that a defendant in a criminal case is entitled to appear at trial free from all bonds or shackles except in extraordinary instances." State v. Tolley, 290 N.C. 349, 365, 226 S.E.2d 353, 366 (1976). Our case law on this issue indicates that restraints should be avoided because
(1) it may interfere with the defendant's thought processes and ease of communication with counsel, (2) it intrinsically gives affront to the dignity of the trial process, and most importantly, (3) it tends to create prejudice in the minds of the jurors by suggesting that the defendant is an obviously bad and dangerous person whose guilt is a foregone conclusion.
Id. at 366, 226 S.E.2d at 367. "To say, as a general rule, that trial in shackles is inherently prejudicial is not to conclude, however, that every such trial is fundamentally unfair." Id. at 367, 226 S.E.2d at 367. "What is forbiddenby the due process and fair trial guarantees of the Fourteenth Amendment to the United States Constitution and Art. I, Sec. 19 of the North Carolina Constitutionis physical restraint that improperly deprives a defendant of a fair trial." State v. Simpson, 153 N.C. App. 807, 809, 571 S.E.2d 274, 276 (2002) (internal quotation marks omitted).
Thus, where the record "fails to disclose that a defendant's shackles were visible to the jury, `the risk is negligible that the restraint undermined the dignity of the trial process or created prejudice in the minds of the jurors,' and the defendant will not be entitled to a new trial on that basis." Id. at 809-10, 571 S.E.2d at 276 (quoting State v. Holmes, 355 N.C. 719, 729, 565 S.E.2d 154, 163, cert. denied, 537 U.S. 1010, 154 L. Ed. 2d 412 (2002)). Therefore, "the rule against shackling is subject to the exception that the trial judge, in the exercise of his sound discretion, may require the accused to be shackled when such action is necessary to prevent escape, to protect others in the courtroom or to maintain order during trial." Tolley, 290 N.C. at 367, 226 S.E.2d at 367 (emphasis added); see also N.C. Gen. Stat. § 15A-1031 (2007) ("A trial judge may order a defendant or witness subjected to physical restraint in the courtroom when the judge finds the restraint to be reasonably necessary to maintain order, prevent the defendant's escape, or provide for the safety of persons."). However, in the event that a trial court chooses to exercise its discretion to require that a defendant be restrained during the course of his or her trial, N.C.G.S. § 15A-1031(1) requires that the judge "must . . . [e]nter in the record out of the presence of the jury and in the presence of the person to be restrained and his counsel, if any, the reasons for his action." N.C. Gen. Stat. § 15A-1031(1).
Defendant asserts that, in light of his criminal history and the lack of record indicia of disruptive behavior or intent to escape during his intervening year of confinement, the court's decision to keep him restrained during trial was unmerited. Defendant also directs this Court's attention to the exchange between the court and the bailiff, when the court asked whether, to the bailiff's knowledge, defendant posed any risk "other than just security concern that exists in every case," and the bailiff answered in the negative.
While we recognize that it was within the trial court's discretion to require that defendant remained restrained during his trial, the court failed to comply with N.C.G.S. § 15A-1031(1) which requires that the judge enter his reasons for doing so in the record. Because the court did not comply with the requirements of N.C.G.S. § 15A-1031(1), and since there is nothing in the record before us to show that the court's decision was "necessary to prevent escape, to protect others in the courtroom or to maintain order during trial,"Tolley, 290 N.C. at 367, 226 S.E.2d at 367, we conclude that the trial court abused its discretion by failing to comply with N.C.G.S. § 15A-1031(1) after ordering that defendant's legs remain restrained.
However, "a trial court's exercise of discretion is reversible error [only when a defendant] . . . show[s] harmful prejudice as well as clear abuse of discretion." State v. Williams, 361 N.C. 78, 80, 637 S.E.2d 523, 525 (2006) (emphasis added) (internal quotation marks omitted). Since, here, defendant does not allege that any actual prejudice occurred in the minds of the jurors because his legs were restrained or that the restraints were visible to any jurors throughout the course of the trial, and does not allege that his thought processes or ability to communicate with his attorney were impeded in any way,see Tolley, 290 N.C. at 366, 226 S.E.2d at 367, we overrule defendant's assignment of error.
No prejudicial error.
Judges CALABRIA and STEELMAN concur.
Report per Rule 30(e).